UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DIANNE ROBERT, ET AL** | **CASE NO.  6:22-CV-05480** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HARTFORD CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Hartford Indemnity Company's Motion to Dismiss" (Doc. 21) wherein Defendant, Hartford Casualty Insurance Company ("Hartford") moves to dismiss all claims against it, with prejudice, because Hartford did not issue a policy of insurance to Plaintiff, Dianne Robert, for the property at issue in this case.

## INTRODUCTION

Plaintiff, Dianne Robert, filed the instant lawsuit seeking to recover benefits under the homeowners' insurance policy, allegedly issued by Hartford for damage to her property as a result of Hurricane Delta, which occurred on October 9, 2020.

On September 1, 2023, Hartford filed the instant Motion to Dismiss arguing that it did not issue the policy to Dianne Robert that is the subject of this lawsuit.[1] On October 16, 2023, Plaintiff filed a Motion for Leave to amend the original Complaint to name the

---
[1] Doc. 21.

correct Plaintiffs' (homeowners), namely, Dianne Robert, Edward Robert, Sr. and Edward Robert, Jr.[2]

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[2] Doc. 27.

## LAW AND ANALYSIS

In this case, Plaintiff did not originally name the correct parties as homeowners, but did so, after Plaintiff filed the Motion for Leave to Amend the Complaint. That Motion was granted and as noted herein, the correct Plaintiffs have been named as to property located at 218 Pine Ave. Opelousas, Louisiana, 70570. In its Answer,[3] Hartford admits that it issued a homeowners insurance policy as to this property, to Edward J. Robert, Jr. with Dianne and Edward Robert being named as additional insured. As such, the Motion to Dismiss is now moot.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss will be denied as moot.

**THUS DONE AND SIGNED** in Chambers this 16th day of November, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. 30.